UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JESSE HILL,

        Plaintiff,

   v.

LISA FISCH,

        Defendant.

CASE NO. 3:22-cv-05320-RSM-BAT

**REPORT AND RECOMMENDATION**

Plaintiff, a detainee at the Washington State Penitentiary, filed a *pro se* complaint under 42 U.S.C. § 1983 against numerous individuals alleging they violated his First Amendment rights. Dkt. 6. By separate order the Court has granted Plaintiff leave to proceed *in forma pauperis*. Dkt. 5.

Under the Prison Litigation Reform Act of 1995, the Court must screen prisoner complaints seeking relief against a governmental entities or actors. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court has screened the complaint and concludes it is barred by the statute of limitations and also does not state a claim

REPORT AND RECOMMENDATION - 1

for relief. Because no amendment would overcome this barrier, the Court recommends the case be dismissed without leave to amend.

Plaintiff alleges a violation of the First Amendment and names as defendants, administrative assistant Lisa Fisch; security consultant for the senate Andrew Stabitz; secretary for the senate Sarah Bannister; security consultant Sean Hartsock; director of legislative resources Kevin Pierce; speaker of the house Laurie Jenkins; clerk of the house Bernard Dean; administrative assistants Megan Arndt, Suzette Cooper, Ashley Jackson, Coco Chang, Sharra Finley; state trooper Eggleston; and sergeant John Doe 1.

Plaintiff alleges between January and March 21, 2018, Defendant Fisch blocked Plaintiff's calls. Dkt. 6 at 8. On February 1, 2018, Defendant Fisch made "false statements" to others that Plaintiff was a stalker, harassing her and others and threatening her, *id.* at 10, contacted the state prison security team, requesting Plaintiff be blocked from contacting a state senator. Plaintiff alleges a security alert was issued against him indicating he was making threatening calls.

As a result of other defendants' actions, the Department of Corrections ordered a series of conditions regarding Plaintiff's supervision or probation, one of which "specifically prohibited Hill from making contact in any way with 'elected officials in the Olympia area.'" *Id.* at 12-13. Plaintiff alleges on March 30, 2018, he was convicted on "trumped-up probation violations for violating one or both of the two separate conditions." *Id.* at 13.

The complaint has two deficiencies that no amendment can cure. First, it is untimely. Section 1983 contains no statute of limitations and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546,

REPORT AND RECOMMENDATION - 2

1  547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to
2  the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.
3        Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987,
4  991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the
5  injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see*
6  *also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992).
7  To determine when a claim accrues, the federal court thus focuses on the time-period in which
8  the complained of acts occurred, not on the time period in which the consequences of the acts
9  became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).
10       Plaintiff alleges acts that occurred between January and March 2018. He obviously knew
11 about these acts as he was blocked from contacting certain individuals in Olympia and alleges he
12 was jailed for violating conditions of supervision or probation related to having contact with
13 governmental officials in March 2018. Plaintiff submitted his complaint for filing on May 6,
14 2022. The complaint was filed outside the three-year statute of limitations and should be
15 dismissed as untimely.
16       And second, even if the complaint were deemed timely, it fails to state a claim upon
17 which relief may be granted. Plaintiff's contacts with governmental officials ultimately resulted
18 in criminal sanctions. As Plaintiff alleges, he was jailed for violating conditions of probation
19 related to contact with governmental officials. The First Amendment does not protect harassing
20 or threatening speech. *See e.g. United States v. Waggy,* 963 F.3d 1014 (9th Cir. 2019)
21 (Washington State telephone harassment statute does not violate First Amendment where
22 individual made repeated harassing calls).
23       Because the complaint is untimely and fails to state a claim for relief, the Court

REPORT AND RECOMMENDATION - 3

recommends that it be dismissed with prejudice. The Court further recommends leave to amend not be granted as no amendment would cure the deficient complaint. *See Californians for Renewable Energy v. California Public Utilities Commission,* 922 F.3d 929, 935 (9th Cir. 2019); *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **June 9, 2022.** The Clerk should note the matter for **June 10, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 25th day of May, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge